## Mary F. Rotes, Appellant, v. Thomas Phelps, Administrator, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 184*—*when widow's award barred by antenuptial settlement.* An antenuptial contract under which a widow took possession of property of her deceased husband, *held* to bar her right to her widow's award.

2. HUSBAND AND WIFE, § 29*—*burden of showing fairness of antenuptial settlement.* Since the parties to an antenuptial settlement occupy a confidential relation towards each other, the party seeking to sustain the agreement has the burden of proving its fairness, and that the intended wife had full knowledge of the extent and value of the intended husband's property.

3. HUSBAND AND WIFE, § 29*—*burden of showing fairness of antenuptial settlement.* The rule that one seeking to sustain an antenuptial settlement has the burden of showing its fairness, and that the intended wife had knowledge of the extent and value of the intended husband's property, does not apply to an executor who in his official capacity relies on such a settlement to defeat a claim for a widow's award.

4. ESTOPPEL, § 55*—*when widow estopped from attacking antenuptial settlement.* A widow who takes possession of property under an antenuptial settlement is estopped from insisting on errors that might have prevailed had she refused to accept under the settlement.

Appeal from the Circuit Court of Pope county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

JAMES C. COURTNEY, for appellant.

JOHN W. BROWNING and CHARLES DURFEE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HARRIS delivered the opinion of the court.

The appellee filed his petition in the County Court of Pope county to the March term, 1914, as administrator of the estate of John Rotes, deceased, setting forth the appointment of appraisers in said estate, their appraisement of personal property and their estimate of the widow's award, $750. The appellee, by said petition, objected to allowance of widow's award because the same was barred by a marriage agreement made between John Rotes, deceased, and appellant prior to their marriage. That there is a dispute between the widow, appellant, and the heirs of John Rotes, being his children and grandchildren.

Petition asks for a construction of the antenuptial agreement and for directions as to payment of the widow's award. A copy of the antenuptial agreement was attached to petition. The County Court entered judgment that the widow had by her antenuptial agreement released all claim to an interest in the estate as widow of John Rotes, deceased. An appeal was taken to the Circuit Court and a decree entered on the 5th day of May, 1914, sustained the finding of the County Court in sustaining objections to allowance of widow's award. Exceptions were taken to this decree by appellant and this appeal prosecuted claiming that she, appellant, is not bound by the antenuptial agreement.

The facts material to a decision of this case are: That John Rotes and appellant, a widower and appellant a widow, were on the 17th day of November, 1908, married and from that time to the death of John Rotes, January 20, 1914, lived together as husband and wife; that on the day of the marriage, the 17th day of November, 1908, but prior to the marriage John Rotes and appellant entered into the antenuptial agreement introduced in evidence for the consideration of one dollar and other good and valuable consideration.

It further provided that after the consummation of said marriage and during the continuance thereof, each of the parties should possess, enjoy and dispose of the property owned by him or her the same as if said marriage had never occurred. The parties further agreed, in consideration of the marriage and other covenants, agreements and considerations in said contract mentioned, that he, John Rotes, would give Mary F. Phelps $1,000 in lieu of all her claims, interests, estates, dower, homestead and award in and to any of his property at his death to be her sole and separate property forever; and further that he will give Mary F. Phelps, after she becomes his wife, the property and dwelling now located on Lot No. 67, Town of Golconda, Illinois, to have and to hold as her homestead during her natural life or widowhood, either in case of death of John Rotes or of the separation of parties; that the $1,000 provided for by said contract was paid by John Rotes to appellant, and the real estate provided as a homestead worth about $2,500, was occupied by the parties during the lifetime of John Rotes and a part of it by appellant since his death. Appellant has since the death of John Rotes exercised the right of possession over all of the real estate mentioned in agreement, rented and collected the rent from what she was not occupying. There were no children by this marriage. The parties objecting through the administrator to this award are the children and heirs at law of children of a former marriage. The personal estate of John Rotes, at time of his death, amounted to about $11,600, which was all his property aside from the real estate described in the agreement. The appellant presents errors in the trial of this case that are not material to this controversy.

The parties to an antenuptial agreement entered into prior to the marriage and after a promise of marriage do occupy a confidential relation towards each other, and in order to sustain the agreement the party

seeking to sustain the same has the burden of proving that the agreement was fairly entered into and that the intended wife had full knowledge of the value and amount of the property owned by the intended husband. This is the law and a rule of evidence that does not apply to an offer of such a contract in evidence by an administrator, who is objecting in his official capacity to a claim of the widow on the ground that the widow had not only entered into such an agreement, but who had after the confidential relation ceased to exist, namely the death of John Rotes, with the opportunity for full knowledge of the value of his estate, ratified the contract by possession of the property under the contract, renting and collecting rents therefrom. The contract was properly admitted in evidence, and under the evidence of ratification the evidence of whether or not the contract was entered into with full knowledge on part of widow of the value of her intended husband's estate became immaterial.

She did enter into the contract, lived with him until he died, took possession of all the property under the agreement, and after his death when the confidential relation no longer existed, exercised possession and control over said property, and makes no offer then or now to release same and turn it back to the estate. She is bound by such acts and has waived and is estopped from now insisting upon errors that might have prevailed had she refused to accept under the agreement and shown a willingness to surrender all her benefits or advantages under the antenuptial contract. She is not entitled to both. Upon the death of her husband, she must elect to retain the property received by virtue of the settlement or return the same and take as widow under the law. *Hieser v. Sutter*, 195 Ill. 382.

We find no error in the finding and judgment of the Circuit Court and it is affirmed.

*Affirmed.*